COMMONWEALTH vs. DEBRA KINLAW. October 31, 1979. The defend-
ant appeals from a conviction of armed robbery which, from the vic-
tim's testimony, occurred on November 21, 1977, at about 7:00 P.M. on
the Boston Common "right next to the street lamp" where the victim
was accosted by two women (one of whom she identified as the defend-
ant) who threatened "to cut [her] up." She gave them her purse, and
the defendant went through it, taking some jewelry and some money.
The victim asked for her keys "because they were of no value to them,"
and the defendant returned them to her. The victim testified, "At that
time I got to look at her very closely while I asked her for my keys."
The victim resisted when the two women demanded a ring which had
sentimental value, and the two assailants fled. She followed and saw
them enter the Park Street subway station, where she encountered
Officer Mulhern of the Massachusetts Bay Transportation Authority
police force, to whom she related the episode. The following day she
went to the M.B.T.A. police station and after perusing a book of about
fifty or sixty photographs for about an hour, she informed Officer
Mulhern that she had picked out two photographs of the defendant.
(The book contained duplicate photographs of others.) She testified
that: "I saw the two photographs pretty much right away, but I went
through them again and again for about an hour, to be sure."

The defendant argued to the jury that the length of time before the
victim announced she had made an identification cast doubt on its
reliability. After the judge's charge the defendant asked that the judge
further instruct the jury to "consider . . . whether or not her taking an
hour to look at the photographs in the police station has affected the
weight of her in-court identification." Though we see nothing in the
original charge which required the judge to do so, he responded with
an additional instruction that the jury "consider . . . the observations
there at the police station, the length of time that was involved, and
the particular care which she used in perusing through the book." We
do not believe that the phrase "particular care," upon which the
defendant fastens, in context and in relation to the whole transcript,
which we have examined, excluded from consideration by the jury (as
the defendant argues) the inference that the victim's hesitation indi-
cated uncertainty rather than a conscientious abundance of caution.
Thus Commonwealth v. Courtney, 7 Mass. App. Ct. 4, 6-7 (1979), is
not apposite. See Commonwealth v. Therrien, 371 Mass. 203, 206
(1976).

Judgment affirmed.

Albert L. Hutton, Jr., for the defendant.
Michael J. Traft, Assistant District Attorney, for the Common-
wealth.